IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY L. HANSEN, | ) | 4:07CV3086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAM SHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 47.) Also pending is Plaintiff's Motion for Relief from 10/29 Order. (Filing No. 73.) As set forth below, both Motions are granted.

## I. PLAINTIFF'S MOTION FOR RELIEF FROM 10/29 ORDER

In his Motion for Relief From 10/29 Order, Plaintiff requests that the court either require Defendants to provide a written transcription of his November 30, 2006 parole board hearing or, alternatively, to bar Defendants from using "evidence of what procedures took place" during that hearing. (Filing Nos. 73 and 78.) Defendants state that they "have no objection" to an order barring them from using such evidence because Defendants "do not believe that anything that was said at that hearing is relevant to this case." (Filing No. 75 at CM/ECF p. 3.) Because Defendants have no objection, the court will grant Plaintiff's Motion. Defendants are barred from submitting any evidence regarding the procedures used at Plaintiff's November 30, 2006 parole board hearing.

## II.     BACKGROUND

On March 30, 2007, Plaintiffs Jerry L. Hansen ("Hansen") and Steven M. Jacob ("Jacob") filed their Complaint in this matter. (Filing No. 1.) After initial review, the court dismissed all of Jacob's claims without prejudice and dismissed all but one of Hansen's claims without prejudice. (Filing No. 19.) Hansen's only remaining claim is brought pursuant to 42 U.S.C. § 1983 and, liberally construed, alleges that remaining Defendants Sam Shaw and Dennis Bakewell violated Plaintiff's First Amendment right to access the courts while incarcerated. (*Id.* at CM/ECF pp. 4-5.)

Defendants filed their Motion for Summary Judgment on June 3, 2008. (Filing No. 47.) Along with their Motion, Defendants filed an Index of Evidence and Brief in Support. (Filing Nos. 48 and 49.) Despite having more than six months in which to do so, Plaintiff did not file an opposition or any other response to Defendants' Motion. (*See* Docket Sheet.)[1]

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

---

[1] The court granted Hansen three lengthy extensions of time to respond to the Motion for Summary Judgment. (Filing Nos. 52 (text-only order), 62 (text-only order), and 71.)

Defendants have submitted a statement of material facts in accordance with the court's Local Rules. However, Plaintiff has not submitted any "concise response" to those facts. Further, Defendants submitted evidence which was properly authenticated by affidavit. Plaintiff has not. This matter is deemed fully submitted and the material facts set forth by Defendants are "deemed admitted" due to Plaintiff's failure to controvert those facts.

### III.     RELEVANT UNDISPUTED FACTS

1. Plaintiff had a parole hearing before the Nebraska Parole Board (the "Board") on November 30, 2006. (Filing No. 49-2, Attach. 1, at CM/ECF p. 1.)

2. The Board thereafter voted unanimously to deny Inmate Hansen's parole. (*Id.*)

3. In a letter dated December 1, 2006, the Board informed Hansen that his request for parole had been denied. (Filing No. 49-3, Attach. 2.)

4. The Rules and Regulations of the Board require that a request for rehearing be made within seven working days of the hearing. (Filing No. 49-4, Attach. 3.)

5. Hansen did not request a rehearing of the Board's December 1, 2006 decision to deny his parole. (Filing No. 49-2, Attach. 1, at CM/ECF p. 1.)

6. Nebraska State Penitentiary Operational Memorandum 116.001.103 was amended by Special Revision dated December 18, 2006 and was posted and made known to inmates of the facility on the same date. The Special Revision continued to be effective through January, 2007. (Filing No. 49-5, Attach. 4, at CM/ECF p. 2.)

7.    The Special Revision of Operational Memorandum 116.001.103 effective December 18, 2006 and after stated that "[i]nmates not assigned as legal aides who are voluntarily assisting another inmate in legal matters may possess the other inmate's legal materials and personal legal documents/papers only in the law library during law library hours when both inmates are present." (Filing No. 49-6, Attach. 5.)

8.    On January 30, 2007, inmate and former Plaintiff Jacob received a disciplinary misconduct report for violation of regulations for being in the library in possession of Hansen's legal papers when Hansen was not present. (Filing No. 49-8, Attach. 7, at CM/ECF pp. 1-2.)

9.    On February 16, 2007, Jacob was found guilty of a violation of regulations and received a penalty of seven days library restriction. (Filing No. 49-7, Attach. 6.)

10.    On or about February 7, 2007, Hansen sent a Step Two grievance to the DCS Central Office relating to the librarian's confiscation of his papers from inmate Jacob. (Filing No. 49-10, Attach. 9, at CM/ECF p.1.)

11.    On March 13, 2007, F.X. Hopkins sent a response to Hansen's Step Two Grievance in which he noted the restrictions on inmates possessing legal papers of another inmate. (*Id.* at CM/ECF p. 2.)

### IV.    ANALYSIS

#### A.    Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

### B. Hansen's Access to Courts Claim

Hansen alleges that he was denied access to the courts because he was unable to timely file a petition in error appealing the Board's denial of parole due to Defendants' confiscation of his legal materials from Jacob. Defendants argue that Hansen's claim must be dismissed because the time to file a petition in error had already expired prior to the confiscation of any documents from Jacob. (Filing No. 48 at CM/ECF p. 6.) The court agrees with Defendants.

The taking of an inmate's legal papers can be a constitutional violation when it infringes on the inmate's right of access to the courts. Cody v. Weber, 256 F.3d 764, 768 (8th Cir. 2001). To state a claim for denial of access to the courts, a plaintiff

must allege that the defendant(s) hindered his efforts to pursue a non-frivolous legal claim and that the plaintiff suffered some actual concrete injury as a result. *Lewis v. Casey*, 518 U.S. 343, 350-54 (1996). Stated another way, "[t]o prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To prove actual injury, a prisoner-plaintiff "must demonstrate that a nonfrivoulous [sic] legal claim had been frustrated or was being impeded." *Id.* (quotation omitted).

In Nebraska, "parole status is reviewable only by a petition in error." *Pratt v. Houston*, Nos. A-96-049, A-96-050, 1997 WL 119561, *7 (Neb. Ct. App. Mar. 18, 1997); *see also* Neb. Rev. Stat. 83-199 ("The provisions of the Administrative Procedure Act shall not apply to the Board of Parole or to the exercise of its functions."). A petition in error must be filed "within thirty days after the rendition of the judgment or making of the final order complained of." Neb. Rev. Stat. § 25-1931; *Lewis v. Camp*, 459 N.W.2d 211, 213 (Neb. 1990) (finding petition in error untimely and holding that imprisonment is not a disability which may toll the 30-day timeframe for filing petition). In addition, a judgment is "rendered . . . within the meaning of section 25-1931 . . . when the decision is announced upon the law and the facts, and that the transmittal of the order to the parties is not an integral part of the judicial act." *Marcotte v. City of Omaha*, 241 N.W.2d 838, 840 (Neb. 1976).

Here, Hansen alleges that Defendants' confiscation of his legal papers from Jacob hindered his ability to file a timely petition in error objecting to the Board's decision denying him parole. (Filing No. 1.) That decision was "announced," or "rendered," on December 1, 2006. (Filing No. 49-2, Attach. 1, at CM/ECF p. 1; Filing No. 49-3, Attach. 2.) Therefore, Hansen had 30 days, or until December 31,

2006,[2] to file a petition in error objecting to the Board's decision. In addition, Hansen had seven working days from the date of the parole hearing to request a re-hearing. (Filing No. 49-4, Attach. 3.) The undisputed evidence before the court shows that Hansen did not file a request for rehearing of the Board's decision or a petition in error by December 31, 2006.[3] (Filing No. 49-2, Attach. 1, at CM/ECF p. 1.) Any petition in error or other request filed after that date would have been untimely.

Defendants confiscated[4] Hansen's legal papers allegedly containing a draft petition in error from Jacob on January 30, 2007. (Filing No. 49-8, Attach. 7, at CM/ECF pp. 1-2.) Thus, at the time Hansen's legal papers were confiscated from Jacob, the time in which to submit a request for rehearing or a petition in error had already passed and the claims were not "arguably meritorious." *White*, 494 F.3d at 681 (dismissing access to courts claim where underlying 1983 claim was barred by statute of limitations). Therefore, viewing the uncontroverted facts in the light most favorable to Hansen, he lacked any actual injury relating to the underlying claim. Defendants did not impede Hansen's access to the courts and the remaining claim must be dismissed.

---

[2] December 31, 2006 was a Sunday and the following business day, January 1, 2007, was a state and federal holiday. Even assuming that Hansen had until the next business day, Tuesday, January 2, 2007, to file a petition in error, he did not do so and the court's decision is unaffected.

[3] Hansen alleges that he filed an appeal of the Board's decision. (Filing No. 1 at CM/ECF p. 3.) However, the evidence before the court does not support such allegations.

[4] It appears from the undisputed evidence that Defendants followed their own procedure and prison regulations in confiscating the legal papers. However, the court makes no specific finding regarding whether the confiscation of the legal papers was proper.

IT IS THEREFORE ORDERED that:

1. Plaintiff Jerry L. Hansen's Motion for Relief from 10/29 Order (filing no. 73) is granted to the extent that the court will not consider evidence of procedures which took place during Plaintiff's November 30, 2006 hearing before the Nebraska Parole Board.

2. Defendants' Motion for Summary Judgment (filing no. 47) is granted.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

January 14, 2009.                        BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge